UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDE SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>CARRIE VENCIL, et al.,<br><br>    Defendants. | Case No. 24-cv-07988-RFL<br><br>**SCREENING ORDER**<br>Re: Dkt. Nos. 1, 8 |

  Jude Smith, who is proceeding without an attorney, filed this action against Carrie Vencil, Ryan Van Hook, Melissa Sharp and "Husband Marty," Greg Sharp, Marilyn Smith, Steve Pratt, and Bobbie Angel[1] ("Defendants"). (Dkt. No. 1 ("Compl.") at 2.) The Court granted Smith's application to proceed *in forma pauperis*. (Dkt. No. 8.) Pursuant to 28 U.S.C. § 1915, the Court has reviewed Smith's initial complaint. The Court concludes that Smith fails to state any cognizable claim, for the reasons stated below.

  This case was related to *Smith v. Vencil, et al.*, No. 23-cv-05530-RFL, in which Smith brought substantially similar allegations. In its screening order of that complaint issued on December 1, 2023, the Court dismissed the claims with leave to file another amended complaint by February 5, 2024. On December 20, 2023, prior to when the amended complaint was due, Smith filed a new complaint in *Smith v. Vencil, et al.*, No. 23-cv-06548-RFL. In that case, the Court dismissed the complaint because it appeared to be nearly identical to the complaint filed in the prior case, which was still pending before the Court. However, instead of filing an amended complaint in *Smith v. Vencil, et al.*, No. 23-cv-05530-RFL, Smith voluntarily dismissed the case

---

[1] Bobbie Angel is identified as a defendant in the body of the complaint but not in the caption.

without prejudice. Now, because the complaint in this case appears to be substantially similar to the previously dismissed complaints, the Court concludes that further amendment would be futile. Accordingly, the complaint is dismissed without leave to amend.

I.   SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen the complaint. 28 U.S.C. § 1915(e)(2). If the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the case must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plaintiff must allege a factual and legal basis for each claim sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g.*, *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995). While the Court must construe the complaint liberally, *see Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984), it may not add to the factual allegations in the complaint, *see Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). The Court also need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678.

II.  SCREENING ORDER

The gravamen of the Complaint is that Smith alleges that his sister, Bobbie Angel, induced him to sign off on an amendment to his grandmother's will. (Compl. at 3.) According to the Complaint, Smith was informed by Angel that Leanne Redlinger had become the executor

of their grandmother's estate, and that Redlinger had "screwed" them out of their inheritance, meaning they would only receive $1,200 each.  (*Id.* at 4.)  However, Smith alleges that only he received $1,200, and the rest of the family members got "much more."  (*Id.*)  As a result, Smith asserts claims for fraud and conspiracy to commit fraud based on these allegations.  (*Id.*)

Smith fails to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement for fraud claims.  To meet this standard, the plaintiff must allege the "who, what, when, where, and how" of the fraud.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  The elements of a fraud claim under California law are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009).  Smith alleges only that he was defrauded out of his grandmother's will by the defendants.  But Smith's complaint lacks any factual allegations about each defendant's misrepresentations or how specifically Smith was defrauded.  In sum, Smith fails to provide enough facts to state his fraud claim.  Because this is not the first time Smith has filed a complaint making substantially similar allegations, the Court concludes that amendment would be futile.

### III.   CONCLUSION

For the reasons explained above, Smith's complaint does not state any cognizable claims and is therefore **DISMISSED WITHOUT LEAVE TO AMEND.**

**IT IS SO ORDERED.**

Dated: January 21, 2025

RITA F. LIN
United States District Judge